UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:17-cr-266-T-23JSS

JOSEPH BISHOP

### UNITED STATES OF AMERICA'S
### MEMORANDUM OF LAW REGARDING FORFEITURE

Pursuant to Federal Rule of Criminal Procedure 32.2(b)(5), either party may request a jury determination of the nexus between property sought for forfeiture and the offense of conviction.

The United States does not request a jury determination and further submits in this memorandum that a forfeiture proceeding is not necessary in this case if the defendant is convicted of being a felon in possession of firearms and ammunition, as charged in Count One of the Indictment.  This is because a jury's finding of guilt on this charge is an implicit finding that there is a nexus between the offense and the involved firearms and ammunition.

To the extent the Court concludes that a forfeiture proceeding is necessary, this memorandum also outlines the procedure governing the forfeiture phase of the trial in the event that the defendant requests it.  In

addition, the United States submits its proposed Forfeiture Jury Instructions and Special Verdict for Forfeiture in conjunction with this memorandum.

## MEMORANDUM OF LAW

### I. Background

1. On May 25, 2017, a federal grand jury returned an Indictment charging the defendant with one count of being a convicted felon in possession of a firearm and ammunition, namely, a Bersa firearm, a Taurus firearm, Hornady ammunition, and Aguila ammunition, which were involved, or used, in a violation of 18 U.S.C. § 922(g)(1). Doc. 1. The forfeiture allegations of the Indictment notified the defendant that, under the provisions of 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), the United States intended to forfeit the firearms and ammunition, *supra*. *Id.*, p. 2.

2. On July 14, 2017, the United States filed a Bill of Particulars, which more specifically described the firearms and ammunition, identified above as a Taurus PT111 Pro, 9mm pistol, serial number TDN54794, a Bersa Thunder, .380 caliber pistol, serial number 865353, 22 rounds of Aguila 9mm ammunition, and 3 rounds of Hornady .380 ammunition. Doc. 16.

### II. Applicable Statutes

The Court's authority to forfeit the specific assets for a person convicted of being a felon in possession of a firearm or ammunition, in violation of 18

U.S.C. § 922(g)(1), is found in 18 U.S.C. § 924(d) which provides for the forfeiture of "any firearm or ammunition involved in or used in any knowing violation" of section 922(g).  18 U.S.C. § 924(d)(1).  Pursuant to 28 U.S.C. § 2461(c), the government is authorized to forfeit this property criminally, and the procedures for the forfeiture and disposition of such property are governed by 21 U.S.C. § 853.

### III.  Forfeiture Proceeding

#### A. No Need for Forfeiture Proceeding Because Nexus is Implicit in Jury Finding of Guilt

In order for property to be forfeited, there must be a finding that there is a nexus between the property and the offense for which the defendant is convicted.  Here, any Special Verdict for Forfeiture presented to the jury in the forfeiture phase of the trial would require the jury to decide whether the firearms and ammunition that the defendant illegally possessed were involved, or used, in the offense charged in Count One.  Because that factual issue is an implicit finding in a verdict of guilty on Count One, the need for a nexus determination by the jury is obviated here.  *See United States v. Boston*, No. 11-CR-107(DLI), 2011 WL 4101109 (Aug. 16, 2011) (declining to submit forfeiture of seized guns to the jury because jury's finding of guilt on gun charges requires forfeiture of involved weapons); *cf. United States v. Cunningham*, Case No. 8:14-cr-133-T-23EAJ, Doc. 101 (granting government's

**United States' Memorandum of Law Regarding Forfeiture – Page 3**

motion for entry of a preliminary order of forfeiture for handgun and ammunition possessed by defendant in furtherance of a drug trafficking crime as charged in indictment because "[a] finding that the handgun and ammunition facilitated Count One [drug trafficking offense] and were involved in Count Two [violation of 18 U.S.C. § 924(c)(1)(A)] inheres in the unanimous verdict."). In *Boston*, 2011 WL 4101109, at *1, the Court stated:

> Here, if the jury finds the defendant guilty as charged, then the jury, by necessity, must have found that the defendant knowingly and intentionally possessed a firearm and ammunition, which is an element of the crime charged. 18 U.S.C. § 922(g)(1). As such, the forfeiture provision of 18 U.S.C. § 924(d)(1), which applied to knowing violations of § 922(G) requires such firearm 'be subject to seizure and forfeiture.'

Therefore, if the defendant here is convicted of knowingly possessing the firearms and ammunition, it follows that the firearms and ammunition are subject to forfeiture.

### B. Procedure for Forfeiture Phase, if Determined to be Necessary

Should the defendant request a jury determination of the forfeitability of his property, and the Court determine that such a determination is appropriate, the United States asks that, in the second part of the jury's bifurcated deliberation, the Court issue its proposed Jury Instructions and Special Verdict for Forfeiture, which provide interrogatories that will require

the jury to determine the essential factual issues necessary for the Court to enter a forfeiture order.

Federal Rule of Criminal Procedure 32.2 sets forth the procedures governing criminal forfeiture and codifies each party's right to a jury determination on forfeiture.[1]  In order to have a jury determination on property subject to forfeiture, prior to the jury's commencement of deliberations regarding guilt, a party must request that the jury also make a forfeiture determination in the event that the jury delivers a guilty verdict. Therefore, the United States requests that the Court ask the defendant, prior to the commencement of jury deliberations, if not sooner, whether he will seek a forfeiture jury determination.  *See* Rule 32.2(b)(5)(A).  The United States will not request a jury determination.

Rule 32.2 further provides:

> If a party timely requests to have the jury determine forfeiture, the government must submit a proposed Special Verdict Form listing each property subject to forfeiture and asking the jury to determine whether the government has established the requisite nexus

---

[1] There is no constitutional right to a jury determination regarding forfeiture of property. *See United States v. Libretti,* 516 U.S. 29, 49 (1995) ("the nature of criminal forfeiture as an aspect of sentencing compels the conclusion that the right to a jury verdict on forfeitability does not fall within the Sixth Amendment's constitutional protection").  Thus the Rule provides for each party's right to a jury determination on the forfeiture of any *specific* property.

**United States' Memorandum of Law Regarding Forfeiture – Page 5**

> between the property and the offense committed by the defendant.

Fed. R. Crim. P. 32.2(b)(5)(B).

It is not necessary for the jury to determine the extent of the defendant's interest in the property; that issue is left for the ancillary proceeding. It is the duty of the jury solely to determine whether the United States has established the requisite nexus between the property alleged to be subject to forfeiture and the offense for which the defendant was found guilty.

Because forfeiture is an aspect of sentencing, the United States need only prove the elements of forfeiture by a preponderance of the evidence. *See United States v. Dicter*, 198 F.3d 1284, 1289-90 (11th Cir. 1999) (elements of forfeiture under 21 U.S.C. § 853(a)(1) and (a)(2) must be proven under the preponderance standard); *United States v. Hasson*, 333. F.3d 1264, 1278 (11th Cir. 2003) (extending preponderance standard to forfeiture cases under 18 U.S.C. § 982(a)(1)).

Moreover, the post-*Libretti* changes to federal sentencing law do not impact forfeiture. *See United States v. Booker*, 543 U.S. 220, 258 (2005) (18 U.S.C. § 3554, the provision in the Sentencing Reform Act which requires the district court to enter an order of criminal forfeiture at sentencing, is "perfectly valid"). This is so because, as the United States Court of Appeals for the Second Circuit observed, *Booker* "prohibit[s] a judicial increase in punishment

United States' Memorandum of Law Regarding Forfeiture – Page 6

beyond a previously specified range; in criminal forfeiture, there is no previously specified range." *United States v. Fruchter*, 411 F.3d 377, 383 (2d Cir. 2005) (holding that the Supreme Court's decisions in *Blakely* and *Booker* did not change the preponderance standard established in *Libretti*).  The Eleventh Circuit has held that the preponderance standard applies to forfeiture proceedings and that forfeiture proceedings are outside the *Apprendi* analysis. *United States v. Cabeza*, 258 F.3d 1256, 1257 (11th Cir. 2001) (per curiam) ("Because forfeiture is a punishment and not an element of the offense, it does not fall within the reach of *Apprendi*.").

Even where the jury right is invoked with regard to forfeiture of property, ultimately it is the Court that orders the forfeiture.  Accordingly, it is logical that, when the jury is retained for forfeiture purposes, the jury must answer questions which will allow the Court to enter the order of forfeiture for the specific property.  Thus, if the defendant seeks a jury determination on the specific property to be forfeited, the jury would be required to answer questions that would allow the Court to enter the order of forfeiture.  See *United States v. Amend*, 791 F.2d 1120, 1128 (4th Cir.), *cert. denied*, 479 U.S. 930 (1986) (appellate court affirms method by which jury determined forfeitability; jury answered questions whether property acquired through criminal enterprise but trial court entered order of forfeiture); *United States v. L'Hoste,*

**United States' Memorandum of Law Regarding Forfeiture – Page 7**

609 F.2d 796, 813-14 (5th Cir.), *cert. denied*, 449 U.S. 833 (1980) (forfeiture order is mandatory once jury determines essential factual issues required for forfeiture).

Because the jury resolves the factual elements necessary for a forfeiture order to be entered but the Court enters the order, the jury should not be advised of the ramifications of its decision, just as a jury is not advised of the ramifications of a verdict of guilt or innocence.  Here, the portion of the Indictment entitled "Forfeiture" merely provides the defendant with the required statutory notice that the United States seeks to forfeit his property in accordance with the applicable statute.  *See* Fed. R. Crim. P. 32.2(a), *Advisory Committee Notes*.  For the reasons stated above, the portion of the Indictment entitled "Forfeiture" should not be read to the jury, and the term "forfeiture" should not be mentioned to the jury, until after the issue of innocence or guilt is decided.  Hence, bifurcated proceedings are required.  Fed. R. Crim. P. 32.2(b)(1).

## IV.   Conclusion

In conclusion, should the defendant request a jury determination on the forfeiture after conviction pursuant to Rule 32.2(b)(5) and the Court determine that such a determination is required, the government requests that the Court:

(1)   instruct the jury on the issue of forfeiture after the jury has returned a guilty verdict on Count One of the Indictment;

**United States' Memorandum of Law Regarding Forfeiture – Page 8**

(2) allow Jury Instructions regarding property subject to forfeiture and burden of proof;

(3) allow bifurcated argument on the forfeiture issue; and

(4) provide the jury with a Special Verdict for Forfeiture as proposed by the government.

Respectfully submitted,

W. STEPHEN MULDROW
Acting United States Attorney

By: *s/Suzanne C. Nebesky*
SUZANNE C. NEBESKY
Assistant United States Attorney
Fla. Bar No. 59377
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602
Tel:   (813) 274 6000
Fax:   (813) 274 6247
E-mail: suzanne.nebesky@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on July 28, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

*s/Suzanne C. Nebesky*
SUZANNE C. NEBESKY
Assistant United States Attorney

**United States' Memorandum of Law Regarding Forfeiture – Page 9**